CHARLES L. ROBERTS, PLAINTIFF-APPELLANT, v. CIVIL
SERVICE COMMISSION, *ET ALS.*, RESPONDENTS.

CHARLES L. ROBERTS, PLAINTIFF-RESPONDENT, CROSS-
APPELLANT, v. TOWNSHIP OF MILLBURN AND DE-
PARTMENT OF CIVIL SERVICE OF THE STATE OF NEW
JERSEY, DEFENDANTS-APPELLANTS, CROSS-RESPOND-
ENTS.

Superior Court of New Jersey
Appellate Division

Argued September 14, 1964—Decided September 24, 1964.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. Morton Stavis* argued the cause for plaintiff, Charles L. Roberts (*Messrs. Gross & Stavis,* attorneys; *Mr. William Rossmoore* and *Mr. Stavis,* of counsel).

*Mr. Harold M. Kain* argued the cause for Township of Millburn.

*Miss Marilyn H. Loftus,* Deputy Attorney General, argued the cause for Department of Civil Service and Civil Service Commission (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

SULLIVAN, J. A. D. This matter involves consolidated appeals from a decision of the Civil Service Commission and a

judgment of the Superior Court. However, plaintiff concedes that the basic relief sought in both proceedings is identical and that this court's decision on the appeal and cross-appeal from the Superior Court judgment will for all practical purposes be dispositive of the entire matter.

Our review of the record satisfies us that there was substantial credible evidence to support the trial court's finding that plaintiff had not shown discrimination on the part of the township officials in not appointing plaintiff to the position of sergeant in the police department. It is argued that the opinion filed by the trial court actually found such discrimination to exist. However, the sense of the opinion is that while there were some instances of plaintiff's being dealt with severely because of his race, they did not add up to discrimination as such, and had not "prevented plaintiff's promotion to the office of sergeant of police."

The trial court determined that the September 1962 ordinance amendment fixing the number of sergeants at six was not adopted in bad faith and was applicable to plaintiff's suit. Therefore it concluded that "no vacancy exists in the office of sergeant at this time." We agree with these findings and conclusions generally for the reasons stated by the trial court. Moreover, we conclude that plaintiff has not shown that a vacancy actually existed under the previous amended ordinance. Even had a vacancy been shown, it would have been discretionary with the township (considering the public good) as to whether or not such vacancy should be filled. *Marranca v. Harbo,* 41 *N. J.* 569, 575–576 (1964).

The trial court also ruled that under *R. S.* 11:22–33 the list containing plaintiff's name remained in existence "during the period that this action has been pending and, additionally, for a period of time equal to the period during which the action was pending." It also ordered that a second list could not be requested or promulgated until the first list had expired or been exhausted.

Since the trial court's ruling, the Supreme Court decided *Marranca v. Harbo, supra,* and has given *R. S.* 11:22–33 an

interpretation contrary to that placed upon it by the trial court. In conformity with *Marranca* we hold that the list containing plaintiff's name expired July 22, 1962, the latest authorized date of extension. The trial court's ruling prohibiting the promulgation or requesting of a new list until the expiration or exhaustion of the old list therefore becomes moot.

The judgment of the Superior Court is modified as herein indicated and, as modified, is affirmed. No costs to any party.